**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA EX REL. XAVIER BECERRA, as Attorney General of the State of California; LABOR COMMISSIONER FOR THE STATE OF CALIFORNIA, | No.20-70706 |
| | FMCS No. FMCSA-2019-0048 |
| *Petitioners*, | |
| | OPINION |
| v. | |
| FEDERAL MOTOR CARRIER SAFETY ADMINISTRATION, | |
| *Respondent*. | |

On Petition for Review of an Order of the
Federal Motor Carrier Safety Administration

Argued and Submitted March 12, 2026
San Francisco, California

Filed June 4, 2026

Before:  Consuelo M. Callahan, Holly A. Thomas, and
Anthony D. Johnstone, Circuit Judges.

Opinion by Judge H.A. Thomas

# SUMMARY[*]

## Federal Motor Carrier Safety Administration / Preemption

The panel denied a petition for review brought by the People of the State of California and California officials seeking review of the determination of the Federal Motor Carrier Safety Administration ("FMCSA") that California's meal and rest break ("MRB") rules, as applied to drivers of passenger-carrying commercial motor vehicles, were preempted.

The Motor Carrier Safety Act ("MCSA") requires the Secretary of Transportation to review State laws and regulations on commercial motor vehicle safety, and gives the Secretary express power to preempt State law. In 2020, the FMSCA determined that California's MRB rules, as applied in this case, were regulations "on commercial motor vehicle safety" that were "additional to or more stringent than" the federal hours-of-service ("HOS") regulations under 49 U.S.C. 3114. The FMSCA determined that the MRB rules were preempted because they did not provide any reasonable safety benefit beyond the safety benefit already provided by the federal HOS regulations, were incompatible with federal regulations, and imposed an unreasonable burden on interstate commerce.

The panel held that petitioners' contention that California's MRB rules were beyond the scope of the FMSCA's preemption authority was precluded by the

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

holding in *International Brotherhood of Teamsters, Local 2785 v. Federal Motor Carrier Safety Administration*, 986 F.3d 841 (9th Cir. 2021), *cert. denied*, 142 S. Ct. 93 (2021) ("*Teamsters*"). The panel also rejected petitioners' argument that the FMSCA may not preempt California's mid-shift break rules for drivers of passenger-carrying commercial motor vehicles because the agency itself has not promulgated such regulations. Petitioners read *Teamsters* too narrowly. Finally, the panel rejected petitioners' argument that the FMSCA acted arbitrarily and capriciously in determining that California's MRB rules would cause an unreasonable burden on interstate commerce. The record supports the FMSCA's conclusion that California's MRB rules impose a significant operational burden upon operators of passenger-carrying commercial motor vehicles. This conclusion was sufficient to justify the agency's decision to preempt California's MRB rules.

## COUNSEL

Casey L. Raymond (argued), California Labor Commissioner, Division of Labor Standards Enforcement, Department of Industrial Relations, Los Angeles, California; Miles E. Locker, California Labor Commissioner, Department of Industrial Relations, San Francisco, California; Timothy J. Kolesnikow, Deputy Attorney General; Miranda Maison, Supervising Deputy Attorney General; Satoshi Yanai, Senior Assistant Attorney General; Xavier Becerra and Rob Bonta, California Attorneys General; Office of the California Attorney General, Los Angeles, California; for Petitioners.

Jennifer L. Utrecht (argued), Mark B. Stern, and Michael S. Raab, Attorneys, Appellate Staff; Jeffrey B. Clark, Acting Assistant Attorney General; Brett A. Shumate, Assistant Attorney General; Civil Division, United States Department of Justice, Washington, D.C.; Tracy M. White, Acting Assistant Chief Counsel; Sue Lawless, Assistant Chief Counsel; Ashley Simpson, Acting Deputy Chief Counsel; Charles J. Fromm, Deputy Chief Counsel; Heather Eilers-Bowser and Jesse Elison, Chief Counsel; Federal Motor Carrier Safety Administration; Washington, D.C.; Matthew L. Yanez, Attorney; Charles E. Enloe and Paul M. Geier, Assistant General Counsel; Gregory D. Cote, Acting General Counsel; Steven G. Bradbury and Gregory Zerzan, General Counsel; United States Department of Transportation, Washington, D.C.; for Respondent.

David H. Coburn, Steptoe & Johnson LLP, Washington, D.C.; Richard P. Schweitzer, Richard P. Schweitzer PLLC, Washington, D.C.; for Amicus Curiae American Bus Association Inc.

**OPINION**

H.A. THOMAS, Circuit Judge:

In 2020, the Federal Motor Carrier Safety Administration ("FMCSA") determined that California's meal and rest break ("MRB") rules, as applied to drivers of passenger-carrying commercial motor vehicles, were regulations "on commercial motor vehicle safety" that are "additional to or more stringent than" the federal hours-of-service ("HOS") regulations under 49 U.S.C. § 31141. Applying the three alternative statutory criteria under 49 U.S.C. § 31141(c)(4), the FMCSA determined that California's MRB rules were preempted because they did not provide any measurable safety benefit beyond the safety benefit already provided by the federal HOS regulations, were incompatible with federal regulations, and imposed an unreasonable burden on interstate commerce. The People of the State of California and the Attorney General and the Labor Commissioner for the State of California (collectively, "Petitioners") petition for review of this preemption determination. We deny the petition.

I.

A.

We discussed the FMCSA's statutory power to preempt State laws, the federal HOS regulations, and California's MRB rules at length in *International Brotherhood of Teamsters, Local 2785 v. Federal Motor Carrier Safety Administration*, 986 F.3d 841 (9th Cir. 2021), *cert. denied*, 142 S. Ct. 93 (2021). So that readers of our decision may understand the context from which this case arises, we recount some of that background again here.

Congress enacted the Motor Carrier Safety Act of 1984 ("MCSA") "to promote the safe operation of commercial motor vehicles, [and] to minimize dangers to the health of operators of commercial motor vehicles and other employees." Pub. L. No. 98-554, § 202, 98 Stat. 2829, 2832 (originally codified at 49 U.S.C. app. 2501). Under the MCSA, the Secretary of Transportation "shall prescribe regulations on commercial motor vehicle safety" that contain "minimum safety standards for commercial motor vehicles." 49 U.S.C. § 31136(a).

The MCSA requires the Secretary to "review State laws and regulations on commercial motor vehicle safety," *id.* § 31141(c)(1), and gives the Secretary express power to preempt State law, *id.* § 31141(a).[1] The Secretary must follow a multistep process in conducting this state-law review. The Secretary must first compare the State law or regulation at issue to a regulation prescribed by the Secretary under 49 U.S.C. § 31136 and decide whether the State law "has the same effect as," "is less stringent than," or "is additional to or more stringent than" the federal regulation. *Id.* § 31141(c)(1)(A)–(C). If the Secretary decides that a State law or regulation "has the same effect as" the federal regulation, the State law "may be enforced." *Id.* § 31141(c)(2). If a State law or regulation is deemed "less stringent than" the federal regulation, the State law "may not be enforced." *Id.* § 31141(c)(3).

The Secretary's power to preempt a State law or regulation arises if the Secretary determines that the State law or regulation "is additional to or more stringent than" a federal regulation. *Id.* § 31141(c)(4). In this scenario, the

---

[1] The Secretary's rulemaking and preemption authority has been delegated to the Administrator of the FMCSA. 49 C.F.R. § 1.87(f).

State law may be enforced "unless the Secretary also decides that—(A) the State law or regulation has no safety benefit; (B) the State law or regulation is incompatible with the regulation prescribed by the Secretary; or (C) enforcement of the State law or regulation would cause an unreasonable burden on interstate commerce." *Id.* § 31141(c)(4)(A)–(C). In any of these instances, the law may be preempted. *Id.* When considering the burden on interstate commerce under section 31141(c)(4)(C), "the Secretary may consider the effect on interstate commerce of implementation of that law or regulation with the implementation of all similar laws and regulations of other States." *Id.* § 31141(c)(5).

## B.

Federal HOS regulations impose limits on the number of hours a driver may consecutively operate a passenger-carrying commercial motor vehicle before a required off-duty period, as well as weekly limits on driving time. *See* 49 C.F.R. § 395.5. Under those regulations, a passenger-carrying commercial motor vehicle driver may not drive more than 10 consecutive hours or be on duty for more than 15 consecutive hours. *Id.* § 395.5(a). Once a driver reaches the 10- or 15-hour limit, the driver must spend eight consecutive hours entirely relieved of duty before they may drive again. *Id.* Unlike drivers of property-carrying commercial motor vehicles, drivers of passenger-carrying commercial motor vehicles are not required to take a 30-minute break from driving during the first eight hours of driving time in order to continue driving beyond eight hours. *Compare id.* § 395.3(a)(3)(ii), *with id.* § 395.5. The federal regulations prohibit drivers from operating a commercial motor vehicle while impaired by "fatigue, illness, or any other cause, as to make it unsafe for him/her to begin or continue to operate the commercial motor vehicle." *Id.*

§ 392.3. The federal regulations prohibit coercing a driver to operate a commercial motor vehicle in violation of these and other federal safety regulations. *Id.* § 390.6(a)(1).

### C.

The California Labor Code generally prohibits employers from requiring employees to work during a mandatory "meal or rest . . . period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission." Cal. Lab. Code § 226.7(b). California's MRB rules are contained in wage orders issued by the State's Industrial Welfare Commission, which is tasked with protecting workers' "health, safety, and welfare." *Martinez v. Combs*, 231 P.3d 259, 271 (Cal. 2010) (quoting Cal. Lab. Code § 1173).

Wage Order 9-2001 ("Wage Order") applies to "all persons employed in the transportation industry," including drivers of passenger-carrying commercial motor vehicles. Cal. Code Regs. tit. 8, § 11090(1). Under the Wage Order, an employee working more than five hours a day is entitled to "a meal period of not less than 30 minutes." *Id.* § 11090(11)(A). If "a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee." *Id.* An employee is entitled to "a second meal period of not less than 30 minutes" when the work period exceeds 10 hours per day. *Id.* § 11090(11)(B). The second meal period may be waived by mutual consent only if the employee does not work more than 12 hours in a day and does not waive the first meal period. *Id.*; *see also* Cal. Lab. Code § 512(a) (imposing the same meal period rules for all employees unless otherwise exempted). The Wage Order also entitles transportation industry employees to 10-minute

rest periods for every four hours worked throughout the day. Cal. Code Regs. tit. 8, § 11090(12)(A). These rest periods, "insofar as practicable[,] shall be in the middle of each work period." *Id.* California's Division of Labor Standards Enforcement can grant an employer an exemption from the rest-period requirement if it "would not materially affect the welfare or comfort of employees and would work an undue hardship on the employer." *Id.* § 11090(17).

An employer who fails to provide a meal or rest period must "pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided." Cal. Lab. Code § 226.7(c); *see also* Cal. Code Regs. tit. 8, § 11090(11)(D), (12)(B).

### D.

### 1.

In 2008, a group of motor carriers petitioned the FMCSA to review and preempt California's MRB rules as applied to drivers of commercial motor vehicles subject to the federal HOS regulations. *See* Petition for Preemption of California Regulations on Meal Breaks and Rest Breaks for Commercial Motor Vehicle Drivers; Rejection for Failure to Meet Threshold Requirement, 73 Fed. Reg. 79,204, 79,204–06 (Dec. 24, 2008). The FMCSA denied the petition based on its threshold finding that California's MRB rules, as laws of general applicability, are "not regulations 'on commercial motor vehicle safety'" subject to preemption under section 31141. *Id.* at 79,205–06.

In 2018, in response to a petition from industry groups, the FMCSA reconsidered its prior position on the scope of preemption under section 31141 as concerns property-

carrying commercial motor vehicles. *See* California's Meal and Rest Break Rules for Commercial Motor Vehicle Drivers; Petition for Determination of Preemption, 83 Fed. Reg. 67,470, 67,470 (Dec. 28, 2018). The agency determined that California's MRB rules are State laws or regulations "on commercial motor vehicle safety" subject to review under section 31141 because they "impose the same types of restrictions on [commercial motor vehicle] driver duty and driving times as the FMCSA's HOS regulations," *id.* at 67,473, and that the rules were "additional to or more stringent than" the federal regulations, *id.* at 67,474–75. Applying the required statutory test, the FMCSA determined that California's MRB rules did not provide any measurable safety benefit, were incompatible with federal regulations, and imposed an unreasonable burden on interstate commerce. *Id.* at 67,475–80. The agency therefore preempted California's MRB rules as applied to drivers of property-carrying commercial motor vehicles subject to federal HOS regulations. *Id.* at 67,480.

In our decision in *Teamsters*, we denied the petitions for review of the FMCSA's 2018 decision. *See* 986 F.3d at 846. We held in *Teamsters* that the FMCSA permissibly determined that California's MRB rules were within its preemption authority, and that the FMCSA did not act arbitrarily or capriciously in determining that California's MRB rules were "additional to or more stringent than" the federal HOS regulations. *See id.* at 854, 856 (quoting 49 U.S.C. § 31141(c)(1)(C)). Finally, we held that the FMCSA did not act arbitrarily or capriciously in finding that enforcement of California's MRB rules "would cause an unreasonable burden on interstate commerce." *Id.* at 856 (quoting 49 U.S.C. § 31141(c)(4)(C)).

2.

In 2019, while our review of the FMCSA's 2018 preemption determination was pending, the American Bus Association petitioned the FMCSA to preempt California's MRB rules as applied to drivers of passenger-carrying commercial motor vehicles subject to the federal HOS regulations. *See* California's Meal and Rest Break Rules for Drivers of Passenger-Carrying Commercial Motor Vehicles; Petition for Determination of Preemption, 85 Fed. Reg. 3,469, 3,469 (Jan. 21, 2020). In response, the FMCSA published a notice in the Federal Register seeking public comment on the petition. *See* California Meal and Rest Break Rules; Petition for Determination of Preemption, 84 Fed. Reg. 20,463, 20,463–64 (May 9, 2019).

In 2020, the FMCSA issued its final preemption determination regarding California's MRB rules as applied to drivers of passenger-carrying commercial motor vehicles subject to the federal HOS regulations. 85 Fed. Reg. at 3,469–80. Consistent with its 2018 determination concerning property-carrying commercial motor vehicles, the agency held that California's MRB rules, as applied to drivers of passenger-carrying commercial motor vehicles subject to federal HOS regulations, were regulations "on commercial motor vehicle safety" subject to its review under section 31141. *Id.* at 3,472–74. The agency further found that the MRB rules were "additional to or more stringent than" the federal HOS regulations. *Id.* at 3,474–75.

Applying the three alternative statutory criteria, the FMCSA determined that California's MRB rules were preempted as applied to drivers of passenger-carrying commercial motor vehicles subject to the federal HOS regulations. *Id.* at 3,475–80. It first found that California's

MRB rules "provide no safety benefit beyond the safety benefit already provided by the Federal regulatory framework for passenger-carrying [commercial motor vehicles]." *Id.* at 3,476. The agency explained that the federal HOS regulations establish a fatigue management framework for drivers of passenger-carrying commercial motor vehicles and that there was no evidence that California's MRB rules provide any safety benefit beyond the federal HOS regulations. *Id.* The agency explained that, to the contrary, California's MRB rules result in unsafe conditions for commercial motor vehicle drivers, as drivers often have difficulty finding safe parking locations when rest is needed. *Id.* The agency next determined that California's MRB rules are incompatible with the federal HOS regulations because California's MRB rules require more off-duty rest periods at more frequent intervals. *Id.* at 3,476–77. The agency explained that "California's MRB rules actively undermine Congress's goal of uniformity, as well as FMCSA's affirmative policy objectives by abrogating the flexibility that the Agency built into the HOS rules." *Id.* at 3,477. Finally, the agency found that California's MRB rules cause an unreasonable burden on interstate commerce because they impose operational difficulties on motor carriers in their requirement to provide off-duty breaks, and because California's MRB rules, in conjunction with the break rules of 20 other States, create a "patchwork of requirements" that place a burden on interstate operators. *Id.* at 3,477–80.

Petitioners timely petitioned our court for review. *See* 49 U.S.C. § 31141(f)(1). We have jurisdiction to review the petition under 49 U.S.C. § 31141(f)(2).

II.

We review the FMCSA's preemption determination under the Administrative Procedure Act, *Teamsters*, 986 F.3d at 849, which requires us to set aside agency actions that are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," or that are "in excess of statutory jurisdiction, authority, or limitations," 5 U.S.C. § 706(2)(A), (C). This standard of review is "highly deferential, presuming the agency action to be valid and affirming the agency action if a reasonable basis exists for its decision." *Nat'l Mining Ass'n v. Zinke*, 877 F.3d 845, 866 (9th Cir. 2017) (citation omitted).

Petitioners argue that the FMCSA lacks statutory authority to preempt California's MRB rules. They also maintain that, to the extent the FMCSA had the authority to preempt California's MRB rules, the agency's preemption decision was arbitrary and capricious. Our prior decision in *Teamsters* largely forecloses Petitioners' arguments, and we otherwise reject their claims.

A.

Petitioners contend that California's MRB rules are beyond the scope of the FMCSA's preemption authority, which, they note, "is limited to state rules 'on commercial motor vehicle safety.'" Petitioners argue that the word "on" must be read narrowly—that the FMCSA can only review State laws "specifically directed at commercial motor vehicle safety" and not those of general applicability. But this argument is precluded by our holding in *Teamsters* that "the FMCSA permissibly determined that California's MRB rules were State regulations 'on commercial motor vehicle safety' . . . within the agency's preemption authority." 986 F.3d at 854 (quoting 49 U.S.C. § 31141(a)). Because

*Teamsters* so squarely answers Petitioners' argument, we will not belabor our discussion here. We instead merely summarize our prior conclusions. First, we held in *Teamsters* that the FMCSA "reasonably determined that a State law 'on commercial motor vehicle safety'" within the meaning of section 31141(a) "is one that 'imposes requirements in an area of regulation that is already addressed by a regulation promulgated under section 31136.'" *Id.* at 851 (citation modified). We further noted that "[s]ection 31136(a) allows the FMCSA to issue regulations 'on commercial motor vehicle safety.'" *Id.* "Given the parallel language used in sections 31136(a) and 31141(a)," we reasoned that "when the agency has issued a regulation under its section 31136(a) authority, it is reasonable for the agency to interpret section 31141(a) analogously to allow preemption of State regulation in that same area." *Id.*

Second, recognizing "Congress's stated interest in uniformity of regulation," we held that the agency "could reasonably conclude that a State law disrupts regulatory uniformity even when the law was not specifically directed at commercial [motor vehicle] safety because a broader State law could still cover the same subject matter as FMCSA regulations." *Id.*

Lastly, we rejected the argument that the word "on" must be read narrowly. The fact that "the MRB rules may serve . . . other purposes cannot," we held, "insulate them from preemption when, as here, the rules also promote commercial motor vehicle safety" and "apply to drivers

whose breaks are the subject of federal regulation 'on commercial motor vehicle safety.'"**[2]** *Id.* at 851–52.

B.

Petitioners next argue that the FMCSA may not preempt California's mid-shift break rules for drivers of passenger-carrying commercial motor vehicles because the agency itself has not promulgated such regulations. They rely on our statement in *Teamsters* that the FMCSA had "issued particularized regulations that govern break times for drivers of property-carrying commercial motor vehicles." *Id.* at 852.

Petitioners read *Teamsters* too narrowly. We held there that California's "MRB rules are regulations 'on commercial motor vehicle safety' because they are within FMCSA's specific regulatory domain and the subject of existing federal regulation in the very same area." *Id.* Although it is true that federal HOS regulations do not require that drivers of passenger-carrying commercial motor vehicles take a mid-shift break, they still dictate how long a driver may remain on duty before a mandatory off-duty period. *See* 49 C.F.R. § 395.5(a). The State and federal regulations therefore share the same purpose of mandating off-duty periods as a form of ensuring commercial motor vehicle safety through fatigue management.**[3]** That California has chosen a more stringent

---

[2] In support of their narrow reading of the word "on," Petitioners argue here, as they did in *Teamsters*, that our holding in *Dilts v. Penske Logistics, LLC*, 769 F.3d 637 (9th Cir. 2014), forecloses the FMCSA's interpretation of section 31141. *See Teamsters*, 986 F.3d at 853. But as we have previously explained, "we did not interpret the preemption provision at issue here [in *Dilts*]," and *Dilts* "did not address whether the MRB rules could fall within section 31141's scope." *Id.*

[3] When the FMCSA imposed a 30-minute rest-break requirement for drivers of property-carrying commercial motor vehicles in 2011, it

method of achieving this end does not mean that its rules are outside of the FMCSA's domain. Indeed, such a holding would run headlong into the statutory scheme providing the FMCSA with preemption authority when the Secretary determines that a State law or regulation "is additional to or more stringent than" a federal regulation. 49 U.S.C. § 31141(c)(4).

C.

Petitioners argue that the FMCSA acted arbitrarily and capriciously in determining that California's MRB rules "would cause an unreasonable burden on interstate commerce." *See* 85 Fed. Reg. at 3,475, 3,477–80 (citing 49 U.S.C. § 31141(c)(4) and listing the bases for preemption). We disagree. The record supports the FMCSA's conclusion that California's MRB rules impose a "significant operational burden" upon operators of passenger-carrying commercial motor vehicles. 85 Fed. Reg. at 3,478–80; *see also* 5 U.S.C. § 706(2). This conclusion was sufficient to justify the agency's decision to preempt California's MRB rules.[4] *See* 49 U.S.C. § 31141(c)(4).

---

expressly declined to extend a similar requirement to drivers of passenger-carrying commercial motor vehicles, explaining that the federal HOS regulations are "not one-size-fits-all." 85 Fed. Reg. at 3,475. Contrary to Petitioners' arguments, this decision thus reflects a policy choice rather than an absence of policy.

[4] We accordingly do not address the FMCSA's conclusions that California's MRB rules provide "no safety benefit *beyond* the safety benefit already provided by the relevant FMCSA regulations" and are "incompatible with the [federal] HOS rules." 85 Fed. Reg. at 3,475–77; *see also* 49 U.S.C. § 31141(c)(4) (single ground sufficient for preemption).

1.

The administrative record is replete with commentary about the negative effects of California's MRB rules upon passenger-carrying commercial motor vehicle operations. These include comments about the disruptive and costly nature of complying with California's MRB rules, as well as the difficulty of maintaining scheduled operations. *See generally* 85 Fed. Reg. at 3,477–80.

Numerous public comments focused on driver and passenger needs, noting that "it would be untenable for a motor carrier transporting passengers to have the driver become unavailable to attend to passenger needs at an inopportune time and location due to [a California-mandated] off-duty break." 85 Fed. Reg. at 3,479. Commenters observed that California's MRB rules "offer much less flexibility" to schedule off-duty breaks "in a way th[at] accommodates the driver's need for rest, passenger needs, and the travel schedule." *Id.* And commenters pointed to a "substantial increase in driver costs" due to decreased productivity and the need for additional drivers. *Id.*

One commenter observed that California's MRB rules do not stand alone. This commenter noted that as drivers of passenger-carrying commercial motor vehicles "cross multiple state lines, the result can be fluctuating start/stop times resulting in sleep truncation and disruption." *Id.* at 3,480. And as other commenters observed, complying with the MRB rules of multiple States and the federal HOS regulations "would make it impossible for [companies] to meet planned schedules and itineraries." *Id.*

The FMCSA reasonably relied upon these comments. The agency permissibly agreed that the costs of complying with the MRB rules are "staggering," because "[r]equiring

additional driving time and/or drivers would change the fundamental nature of bus service. Buses would no longer offer the most affordable source of intercity passenger transportation." *Id.* at 3,478. The agency also reasonably determined that the diversity of State MRB rules across the country "resulted in a patchwork of requirements" that burden the flow of interstate commerce. *Id.* at 3,480.

## 2.

Petitioners nevertheless maintain that the FMCSA did not properly account for the "flexibility inherent" in California's MRB rules, which permit employees to take "on duty" meal periods if the nature of the job requires them and allow employers to reschedule rest periods if exceptional circumstances exist. *See* Cal. Code Regs. tit. 8, § 11090(11)(C), 12(B); *see also Augustus v. ABM Sec. Servs., Inc.*, 385 P.3d 823, 834 (Cal. 2016). But these rules are not as flexible as Petitioners suggest.

As the FMCSA noted in its preemption decision, the California Supreme Court has explained that an employee "must be free to leave the premises, without any work-related responsibilities, during the entire 30-minute [meal] period." 85 Fed. Reg. at 3,479 (citing *Brinker Rest. Corp. v. Superior Ct.*, 273 P.3d 513, 533 (Cal. 2012)). The California Supreme Court has also made clear that "on duty" meal periods are permitted only when the nature of the work requires them and when the employee has agreed in writing to that arrangement. *Id.* (citing *Brinker Rest. Corp.*, 273 P.3d at 533). Even then, the employee may revoke the agreement at any time. *Id.* (citing *Brinker Rest. Corp.*, 273 P.3d at 533). And "an employer may never require their employees to remain 'on call' during a 10-minute rest break." *Id.* (citing *Augustus*, 385 P.3d at 832).

These requirements underline the reasonableness of the FMCSA's conclusion that California's MRB rules unduly burden interstate commerce. 85 Fed. Reg. at 3,477–80; *see also* 49 U.S.C. § 31141(c)(4)(C). That Petitioners may disagree with this conclusion does not make it arbitrary.

### 3.

Petitioners next argue that the fact that the federal rules do not contain a 30-minute break requirement for drivers of passenger-carrying commercial motor vehicles, as they do for drivers of property-carrying commercial motor vehicles, should result in our applying a "completely different" burden analysis than we did in *Teamsters*. They specifically ask us to consider what benefit the MRB rules could provide "in the absence of any comparable federal regulation." But as we have explained, the federal regulations concerning work periods for drivers of passenger-carrying commercial motor vehicles govern the same subject area as California's MRB rules. *See* 49 C.F.R. § 395.5(a). The FMCSA took account of the "costs and benefits" of California's MRB rules and concluded that the "federal regulations adequately and more appropriately balanced the competing interests between safety and economic burden." *Teamsters*, 986 F.3d at 857. Petitioners' argument that the burden analysis should somehow differ from that applied in *Teamsters* is therefore unavailing.

### 4.

Petitioners last argue that the proper standard for analyzing the burden on interstate commerce is that which courts apply when analyzing whether State laws violate the dormant Commerce Clause; that the FMCSA should not have considered the cumulative burdens imposed by compliance with varying State MRB rules; and that the

FMCSA improperly relied on "assertions by industry commenters" regarding the difficulties of complying with multiple States' requirements.

As with many of Petitioners' preceding claims, this final litany of arguments is precluded by our decision in *Teamsters*. *See* 986 F.3d at 857 (rejecting materially identical claims). Rather than repeating our conclusions here, we refer readers to that decision. *See id.*

**\*\*\***

For the reasons discussed above, the petition for review is **DENIED.**